# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JO-NATHAN LUTON,**<br>c/o Friedman & Gilbert<br>55 Public Square, Suite 1055<br>Cleveland, Ohio 44113,<br><br>      Plaintiff,<br><br>-vs-<br><br>**CITY OF CLEVELAND,**<br>c/o Department of Law<br>601 Lakeside Avenue, Room 106<br>Cleveland, Ohio 44114,<br><br>and<br><br>**STEVEN FEDORKO,**<br>c/o City of Cleveland Division of Police<br>1300 Ontario Street<br>Cleveland, Ohio 44113<br><br>and<br><br>**JOSEPH TYLKA,**<br>c/o City of Cleveland Division of Police<br>1300 Ontario Street<br>Cleveland, Ohio 44113<br><br>and<br><br>**LEWIS STEVENS,**<br>c/o City of Cleveland Division of Police<br>1300 Ontario Street<br>Cleveland, Ohio 44113<br><br>      Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jo-Nathan Luton, for his complaint against Defendants City of Cleveland and Steven Fedorko, Lewis Stevens, and Joseph Tylka alleges as follows:

1

## INTRODUCTION

1. This is a civil rights action. On March 4, 2017, Jo-Nathan Luton was experiencing a mental health crisis. His family requested the assistance of the Cleveland Police Department.

2. Cleveland Police Officers Steven Fedorko, Joseph Tylka, and Lewis Stevens attacked Mr. Luton and called him a "fucking piece of shit." Afterward, they failed to report the use of force and Mr. Luton's injuries to their superiors. In order to cover up their own wrongdoing, the Defendant Officers then falsely claimed that Mr. Luton kicked Fedorko and broke Fedorko's toe. Defendants Fedorko, Tylka, and Stevens falsely accused Mr. Luton of Felonious Assault on a Police Officer. After facing prosecution for months on these fabricated charges, all charges were dismissed. Luton was not convicted of any crime in relation to the events giving rise to this case.

3. The Cleveland Division of Police Internal Affairs Department investigated the misconduct of the Defendant Officers in this and other cases. Each Defendant Officer was officially disciplined by the Department of Public Safety Director and issued unpaid suspensions.

4. Further, the City of Cleveland, Ohio is also liable for Luton's trauma, injuries, and damages. The City of Cleveland's failure to train and supervise these Defendant Officers, along with unconstitutional policies, practices, and customs in place at the time of this incident, are the moving force behind these Defendant Officers' misconduct.

5. Luton seeks damages and other relief under federal and Ohio law.

## JURISDICTION AND VENUE

6. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C §1983 et seq; the Judicial Code, §§1331 and 1343(a); and the Constitution of the United States.

7. Supplemental jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. §1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claim also occurred in this judicial district.

## PARTIES

9. Plaintiff Jo-Nathan Luton, at all times relevant to the allegations made in the complaint, resided in the city of Cleveland, Ohio, in Cuyahoga County.

10. Defendant Officer Steven Fedorko was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Cleveland, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

11. Defendant Officer Joseph Tylka was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Cleveland, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

12. Defendant Officer Lewis Stevens was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Cleveland, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

13. Defendant City of Cleveland is a municipal corporation, duly incorporated under the laws of the State of Ohio, is the employer and principal of Defendants Fedorko, Tylka, and Stevens, and is responsible for the training, supervision, policies, practices, and customs of its Police Department.

## FACTS

14. Jo-Nathan Luton is a life-long Cleveland-area resident who lives with mental illness. On March 4, 2017, Luton's family, concerned for his health and safety, called the Cleveland Police Department.

15. When Defendants Fedorko, Tylka, and Stevens arrived at Luton's home, they approached him outside in the front yard. When he did not respond quickly enough to the Defendant Officers, they tased him twice.

16. A family member told the police that Luton was not armed and pled with the Defendant Officers not to harm him.

17. Scared, Luton tried to run into his house.

18. The Defendant Officers grabbed Luton; he tripped and fell at the threshold of the house.

19. While Luton was on the ground, several officers, including Defendant Officers Fedorko, Tylka, and Stevens piled on top of him and assaulted him.

20. Luton feared for his safety and moved inside the house.

21. The Defendant Officers continued to brutalize Luton *en route* to the house and inside the house.

22. The attack included, but is not limited to, the Defendant Officers pressing their knees into Luton's back and neck, kicking him, and twisting his ankle, causing him injuries.

23. The Defendant Officers told his mother, "We are going to make sure these charges stick," while she screamed that the officers were hurting her son.

24. While still on top of Luton, the Defendant Officers handcuffed him and restrained his legs.

25. This attack constituted excessive force.

26. In reports made near the time of the incident, the Defendant Officers falsely claimed that Luton kicked Fedorko and broke Fedorko's toe. This claim was entirely fabricated.

27. The Defendant Officers dragged Luton out of the house. He arrived at University Hospitals with only one shoe on.

28. Each Defendant had the duty and opportunity to intervene to protect Luton and to prevent the unconstitutional use of force against Luton, and failed to do so.

29. The Defendant Officers had no reasonable suspicion or probable cause to seize and arrest Luton.

30. The Defendant Officers charged Luton with Felonious Assault on a Police Officer, Vandalism, and Domestic Violence.

31. Defendants jointly agreed and/or conspired with each other to complete false, misleading, and incomplete official reports and to give a false, misleading, and incomplete version of events to their supervisors, prosecutors, and the public, in order to cover up their own misconduct.

32. On February 8, 2018, prosecutors finally moved dismissed all charged against Luton related to these events and the matter was resolved in his favor. Luton was not convicted of any crime in relation to the events giving rise to this case.

33. In violating Luton's rights, the Defendant officers engaged in willful, wanton, reckless, and/or negligent conduct. This unconstitutional and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Luton's injuries.

34. An internal Cleveland Division of Police investigation into the Defendant Officers' actions recommended discipline for violations of the rules, regulations, and procedures of the Division of Police, Department of Public Safety.

35. The investigation found that Defendant Stevens committed the following policy violations related to Luton:

   a. Being untruthful in reporting how he sustained an on-duty injury;

   b. Being untruthful during an interview with Internal Affairs;

   c. Violating Luton's due process and constitutional rights by falsely accusing him of Felonious Assault;

   d. Failing to report an application of a Use of Force to a supervisor;

   e. Acting outside of policy and training by applying a "leg lock;"

   f. Failing to report an injury that occurred to a subject force was used on; and

   g. Using demeaning language towards Jo-Nathan in calling him a "fucking piece of shit."

36. The Internal Affairs investigation concluded that Defendant Stevens committed the following policy violations:

   a. Being untruthful and/or withholding from reporting and superiors information about how Fedorko sustained an injury;

   b. Violating Luton's due process and constitutional rights while having knowledge of a false accusation and not reporting it to superiors or in written reports.

37. Defendant Stevens was found guilty of the amended specification of withholding information about how Defendant Fedorko sustained his injury from superior officers and from written reports. The Director of Public Safety suspended him for eight consecutive work days.

38. Internal Affairs also recommended discipline for Defendant Fedorko related to misconduct on other dates and times.

39. Defendant Fedorko was found guilty of the following amended specification:

    a. Withholding information in reporting how he sustained an on-duty injury to his sector supervisor and on reporting documents; and

    b. Withholding information during his interview with Internal Affairs.

40. As a result of this investigation, the Director of the Department of Public Safety issued Defendant Fedorko a 30-day unpaid suspension.

41. The Internal Affairs investigation concluded that Defendant Tylka committed the following policy violations:

    a. Being untruthful and/or withholding from reporting and superiors information about how Fedorko sustained an injury;

    b. Violating Luton's due process and constitutional rights by falsely accusing him of felonious assault;

    c. Had knowledge of an unreported force application and injury sustained by Luton and failed to report this to superiors or in written reports.

42. Defendant Tylka was found guilty of the amended specification of withholding information about how Defendant Fedorko sustained his injury from superior officers and from written reports. The Director of Public Safety suspended him for twelve consecutive work days.

43. The Defendant Officers' actions were without probable cause, unjustified, and objectively unreasonable.

44. Defendants Fedorko's, Stevens', and Tylka's actions, as alleged in the preceding paragraphs, were performed under color of law and deprived Plaintiff of federally protected rights, in violation of Title 42 U.S.C. §1983.

45. As a direct and proximate result of Defendants' conduct, undertaken individually and/or jointly, Luton sustained physical and psychological injuries as a result of the actions of the Defendants.

46. The injuries suffered by Luton were all preventable had Defendants not engaged in illegal conduct in violation of Luton's fundamental rights.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure
### against Defendants Fedorko, Stevens, and Tylka

47. All of the foregoing paragraphs are incorporated as though fully set forth here.

48. The actions of Defendants Fedorko, Stevens, and Tylka, as alleged in the preceding paragraphs, violated Jo-Nathan Luton's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint, and/or failed to intervene to prevent said unconstitutional conduct.

49. Jo-Nathan Luton was subjected to the use of excessive force in violation of his Fourth Amendment rights.

50. Jo-Nathan Luton was subjected to false arrest in violation of his Fourth Amendment rights.

51. As a direct and proximate cause of Defendants' misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Malicious Prosecution Claim
### Against Defendants Fedorko, Stevens, and Tylka

52. All of the foregoing paragraphs are incorporated as though fully set forth here.

53. Defendants Fedorko, Stevens, and Tylka accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause.

54. Defendants Fedorko, Stevens, and Tylka instigated, influenced, or participated in the decision to prosecute Plaintiff knowing there was no probable cause for the criminal prosecution.

55. The charges were terminated in favor of Plaintiff.

56. Defendants Fedorko, Stevens, and Tylka deliberately engaged in arbitrary and conscience-shocking conduct that contravened fundamental canons of decency and fairness and violated Plaintiff's substantive due process rights and in violation of the Due Process Clause, and the Fourteenth and Fourth Amendments to the United States Constitution.

57. As a direct and proximate cause of Defendants' misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 *Monell* Claim
### against Defendant City of Cleveland

58. All of the foregoing paragraphs are incorporated as though fully set forth here.

59. The actions of Defendants Fedorko, Stevens, and Tylka, as alleged above, were taken pursuant to one or more interrelated de facto policies (even if not official written edicts), practices and/or customs of civil rights violations and unconstitutional practices of the City of Cleveland and its Police Department.

60. The City of Cleveland, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, pursuant to 42 U.S.C. § 1983.

61. At all times relevant, the Defendant City of Cleveland and its Police Department had interrelated de facto policies, practices, and customs which included, *inter alia*:

      a.     the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control City of Cleveland police officers who engage in unjustified use of excessive and unreasonable force, false arrest, malicious prosecution, and false reporting;

      b.     the police code of silence;

      c.     the failure to properly investigate the use of excessive and unreasonable force against civilians, false arrest, malicious prosecution, and false reporting by City of Cleveland police officers;

      d.     the failure to properly discipline, supervise, monitor, counsel and otherwise control City of Cleveland police officers who engage in unjustified use of excessive and unreasonable force, false arrest, malicious prosecution, and false reporting; and/or

      e.     the failure to properly train and supervise City of Cleveland police officers with regard to using force on civilians, particularly those suffering from mental illness.

62. The aforementioned de facto policies, practices, and customs of the Cleveland Police Department include a pattern of acts of excessive use of force and other willful, wanton, and/or reckless behavior leading to harmful consequences to citizens.

63. The policy, practice, and custom of a police code of silence results in police officers failing to report instances of police misconduct of which they are aware, including unlawful uses of force, searches, seizures, and prosecutions, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have engaged in misconduct.

64. The de facto policies, practices and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control police misconduct and the code of silence are interrelated and exacerbate the effects of each other, to institutionalize police lying and immunize police officers from discipline.

65. The interrelated policies, practices and customs, as alleged in this

complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant Officers to commit the acts alleged in this complaint against Jo-Nathan Luton.

66. The City of Cleveland therefore acted as the moving force behind and the direct and proximate causes of the violations of Jo-Nathan Luton's constitutional rights and all injuries and damages suffered by Jo-Nathan Luton.

### FOURTH CLAIM FOR RELIEF
**State Law Claim for Abuse of Process**
**Against Defendants Fedorko, Stevens, and Tylka**

67. All of the foregoing paragraphs are incorporated as though fully set forth here.

68. Defendants Fedorko, Stevens, and Tylka, while acting under the color of law, by instituting a legal proceeding, did so in an attempt to accomplish an ulterior purpose for which it was not designed and that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damage has resulted from the wrongful use of process.

69. Defendants Fedorko's, Stevens', and Tylka's abuse of this process constitutes a deprivation of the Plaintiff's right to due process.

70. A judge dismissed all of the false charges lodged against Jo-Nathan Luton by Defendant Fedorko.

71. As a direct, proximate and foreseeable result of Defendants' actions, Plaintiff suffered and continues to suffer injuries and damages as set forth in this Complaint.

### FIFTH CLAIM FOR RELIEF
**State Law Claim for Willful, Wanton and Reckless Conduct**
**Against Defendants Fedorko, Stevens, and Tylka**

72. All of the foregoing paragraphs are incorporated as though fully set forth here.

73. Defendants Fedorko, Stevens, and Tylka failed to exercise due care, and acted with a malicious purpose and/or in bad faith and/or in a willful and/or wanton and/or reckless manner while engaged in police functions and activities, including but not limited to unreasonable search and seizure and malicious prosecution against Luton.

74. Each of the individual Defendants, as set forth herein, engaged in negligent, reckless, and /or willful and/or wanton conduct such that they are not entitled to the immunities set forth in O.R.C. § 2744.01 *et seq.*

75. As a direct and proximate cause of Defendants' misconduct, Luton suffered and continues to suffer injury and damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jo-Nathon Luton demands that judgment be entered in his favor on all counts and prays the Court award the following relief:

A. Compensatory damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial, for the violation of Plaintiff's rights;

B. Punitive damages in an amount to be determined at trial for the willful, wanton, malicious, and reckless conduct of Defendants;

C. Declaratory and injunctive relief against the City of Cleveland enjoining policies, practices, and customs shown to encourage the use of excessive and unreasonable force, false arrest, malicious prosecution, and false police reports against civilians, and ordering the institution of policies, procedures, and training for the Cleveland Police Department to bring them into compliance with constitutional standards;

D. Attorney fees and the costs of this action and other costs that may be associated with this action pursuant to 42 U.S.C. Section 1988; and

E. All other relief which this Honorable Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ *Sarah Gelsomino*
SARAH GELSOMINO (0084340)
JACQUELINE GREENE (0092733)
TERRY H. GILBERT (0021948)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113
T: (216) 241-1430
F: (216) 621-0427
sgelsomino@f-glaw.com
jgreene@f-glaw.com
tgilbert@f-glaw.com

MARCUS SIDOTI (0077476)
Jordan | Sidoti LLP
50 Public Sq., Suite 1900
Cleveland, OH 44113
T: 216-357-335-
marcus@jordansidoti.com

*Attorneys for Plaintiff*

Dated: March 1, 2019